UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNA MARIE ISSABELLE NEIRA

      Plaintiff,

v.                                 Case No.:  8:22-cv-1720-CEH-NHA

BOB GUALTIERI, in his Official
Capacity as Sheriff of Pinellas
County, Florida, and NOBLE W.
KATZER, Individually,

      Defendants.
_____/

## **ORDER**

For the reasons explained on the record and below, the Court grants-in-part and denies-in-part Defendants' "Motion to Compel Better Answers to Sheriff's Interrogatories and Better Responses to Defendants' Request for Production, and for Sanctions" (Doc. 32) and Defendants' "Motion to Compel Amended Fed. R. Civ. P. 26(a)(1)(A) Disclosures and Corresponding Amendments to Answers to Interrogatories, and for Sanctions" (Doc. 35). The Court grants Defendants' "Motion for Rule 35 Physical Examination of Plaintiff." (Doc. 38).

## I.   Introduction

Plaintiff sues Defendants Bob Gualteri and Noble W. Katzer for damages she allegedly sustained in April 2019, when an altercation ensued at MacNasty's Sports Bar in St. Petersburg, Florida. *See* Doc. 1-1.

### A. Defendant's "Motion to Compel Better Answers to Sherriff's Interrogatories and Better Responses to Defendants' Request for Production, and for Sanctions" (Doc. 32)

On October 10, 2023, Defendants filed their First Requests for Production and the Sheriff filed his First Set of Interrogatories; Plaintiff's responses were due November 9, 2023. Doc. 32, p. 1-2. After Plaintiff did not respond, Defendants followed up by email on November 17 and 29. Doc. 30, pp. 1-2. Again, Plaintiff did not respond. Doc. 32, p. 2. On December 13, 2023, Defendant filed a Motion to Compel (Doc. 30) prompting Plaintiff to serve unverified answers to the interrogatories. Doc. 32, p. 2. Defendant followed up with Plaintiff via email on December 14 and 18 to request verified answers. Doc. 32-5, pp. 1-3.

On December 18, Plaintiff finally served verified answers. Doc. 32-4. Defendants then reached out to Plaintiff on December 14, 20 and 22, to point out numerous deficiencies in those answers. Docs. 32-5, pp. 1-3; 32-6, pp. 1-3. On December 22, Defendants informed Plaintiff that they would move to compel complete answers, and Plaintiff responded, "feel free to proceed with your MTC and we will allow the court to address." Doc. 32-6, p. 1.

2

Then, Plaintiff served amended responses to two of Defendants' many requests. Doc. 32-7. On January 4, 2024, Defendants' filed this "Motion to Compel Better Answers to Sheriff's Interrogatories and Better Responses to Defendants' Request for Production, and for Sanctions." Doc. 32. Plaintiff did not file a response with the Court.

## B. Defendants' Motion to Compel Amended Fed. R. Civ. P. 26(a)(1)(A) Disclosures and Corresponding Amendments to Answers to Interrogatories, and for Sanctions (Doc. 35)

On November 9, 2023, the Court ordered the parties to make disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) on or before December 15, 2023. Doc. 29, p. 1. Plaintiff failed to serve her initial disclosures in accordance with the Court order. Doc. 35, p. 2. On December 19 and 20, Defendants followed up with Plaintiff, requesting the disclosures and indicating that they planned to move to compel the disclosures if they were not provided. Doc. 35-1, pp. 1-2. This prompted Plaintiff to serve her initial disclosures on December 22, 2023. Doc. 35-2. Defendants followed up with Plaintiff by email on January 9, 11, 16, and 19, after finding the disclosures deficient. Doc. 35-3, pp. 1-6. On January 11, Plaintiff stated she was finalizing the information. Doc. 35-3, pp. 2-3.

On January 24, 2024, Defendants' filed this "Motion to Compel Amended Fed. R. Civ. P. 26(a)(1)(A) Disclosures and Corresponding Amendments to

Answers to Interrogatories, and for Sanctions." Doc. 35. Again, Plaintiff did not file a response with the Court.

### C. Defendants' "Motion for Rule 35 Physical Examination of Plaintiff" (Doc. 38)

On February 9, 2024, Defendants filed a "Motion for Rule 35 Physical Examination of Plaintiff." Doc. 38. Plaintiff did not oppose the physical examination but opposed the motion because of the time required for Plaintiff to travel from Bradenton, Florida to Tampa, Florida for the evaluation. Doc. 38, p. 3.

On February 21, 2024, the Court held a hearing, resolving all three motions. This order summarizes the Court's findings and rulings.

## II.   Analysis

### A. Defendant's "Motion to Compel Better Answers to Sheriff's Interrogatories and Better Responses to Defendants' Request for Production, and for Sanctions" (Doc. 32)

Parties may obtain discovery on any matter, not privileged, that is relevant to the claim or defense of any party, and is proportional to the needs of the case and the amount in controversy. Fed. R. Civ. P. 26(b)(1). Relevance, for purposes of discovery, is construed broadly to include any matter that "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

A party who fails to respond to a discovery request may waive its objections to the request, absent good cause. Middle District Discovery (2021) at § IV.B.1. ("Absent compelling circumstances, failure to assert objections to an interrogatory within the time for answers constitutes a waiver and will preclude a party from asserting the objection in a response to a motion to compel."); Fed. R. Civ. P. 33(b)(4) (As to interrogatories, "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

In failing to timely respond to Defendants' interrogatories and requests for production, Plaintiff largely waived her objections to them. Moreover, in failing to file a response to Defendants' Motion to Compel, she allowed the Court to treat the motion as unopposed. M.D. Fla. Local Rule 3.01(c).

i.   <u>Defendant's Request for Better Answers to Interrogatories</u>

Following an extensive hearing on the motion, the Court grants-in-part and denies-in-part Defendant's "Motion to Compel Better Answers to Sheriff's Interrogatories and Better Responses to Defendants' Request for Production, and for Sanctions" (Doc. 32).

A party upon whom interrogatories have been served has 30 days to respond by filing either answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). "Each interrogatory must, to the extent

that it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

> **Interrogatory #2**: Plaintiff was asked to identify all employers for the 10 years before the incident and any time since and provide dates of employment, pay rates, titles, and reasons for leaving.

Doc. 32-2, p. 5.

Defendant claims Plaintiff's response to Interrogatory #2 was confusing in its timeline and deficient in its failure to acknowledge at least one employer and to provide contact information for another. Doc. 32, pp. 5-6. In response to Interrogatory #2, Plaintiff indicated that she worked at TeamHealth from May 2020 to March 2020 (in reverse order) and failed to provide TeamHealth's address and phone number. Doc. 32-4, p. 2. Plaintiff also omitted reference to an employer, Annasthesia, Inc, in her response, notwithstanding having provided a Form 1040 Tax form the company in response to another request (Doc. 32-7). *Id.*

Defendants' Motion to Compel is GRANTED as to Defendants' Interrogatory #2. Here, Plaintiff has placed her work history at issue by claiming she experienced the loss of past, present, and future wages as a result of her alleged injuries. Doc. 32-4, p. 16. Plaintiff is directed to amend her answer to Interrogatory #2 to (1) correct the time period at which she worked at TeamHealth, (2) add the address and telephone number for TeamHealth, and (3) list all requested information relating to all her employment for the 10

6

years before the incident and any time since, including her work at "Annasthesia, Inc."

> **Interrogatory #7**: Plaintiff was asked if she ever made a claim or filed an administrative or civil case.

Doc. 32-2, p. 6.

Defendants argue that Plaintiff's response to Interrogatory #7 did not directly answer the question but indicated only that, while working at Galaxy Diner as a server in 1990, she "slipped and fell landing on my sacral area while still holding the food tray." Doc. 32, p. 6 (citing Doc. 32-4, p. 6). She expounded, "They sent me to get checked out by urgent care because they thought I might have injured my tailbone." Doc. 32-4, p. 6. However, Plaintiff did not state whether an administrative or civil case was filed. *Id.*

Defendants' Motion to Compel is GRANTED as to Defendants' Interrogatory #7. Here, Plaintiff claims that Defendants' alleged conduct caused new, and aggravated preexisting, injuries. Docs. 13, p. 4; 32-4, pp. 12-13. Plaintiff has thus placed her preexisting injuries at issue in the present case, and her prior personal litigation history about such injuries is relevant. Plaintiff is directed to amend her answer to Interrogatory #7 to state directly whether she has previously filed a civil or administrative claim in relation to the incident at Galaxy Diner in 1990 or in relation to any other injury, and to identify the action by agency and case number.

> **Interrogatory #9**: Plaintiff was asked about the manner in which she was released from jail; the amount of money she spent or owed to secure her release, if any; the name of the attorney, if any, who assisted in securing her release; and the amount of money paid to or owed to said attorney for assisting in securing her release.

Doc. 32-2, p. 6.

Defendants state Plaintiff's answer to Interrogatory #9 is insufficient because it does not specify the amount of any bond posted, the name of the attorney who assisted in securing her release, and the amount Plaintiff paid to the attorney for the purposes of securing her release from jail. Doc. 32, pp. 6-7. Defendants explain this information is relevant to calculate the damages Plaintiff claims relating to securing her release. *Id.* Plaintiff's answer to the Interrogatory described some circumstances of her arrest and release, and stated that she "spent around $6,000 to retain a criminal attorney and pay the costs associated with my release." Doc. 32-4, p. 6.

Defendants' Motion to Compel is GRANTED as to Defendants' Interrogatory #9. Plaintiff's complaint asserts that she is entitled to costs and attorney's fees allowed by law. Doc. 13, p. 14. Such costs may relate to her release from jail, including money spent or owed to secure her release and money paid to her attorney in securing her release. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff is directed to amend her answer to Interrogatory #9 to include (1) the name of the attorney who assisted in securing her release, (2) the amount of money paid or owed to said attorney specifically for assisting in securing her

release, (3) whether any bond, security or collateral was required to secure her release, and (4) if so, the amount of any bond, security or collateral that secured her release.

> **Interrogatory #10**: Plaintiff was asked to identify and provide the address and phone number for all persons who had knowledge about the issues, claims or defenses of this case.

Doc. 32-2, p. 6.

Defendant asserts Plaintiff's response to Interrogatory #10 is deficient because it lists several persons without providing any contact information for them. Doc. 32, pp. 7-8. Indeed, Plaintiff's response identifies Bill Armstrong, Char Armstrong, Mario Neira, and Amy Moran as knowing about the issues, claims, or defenses in this case, but provides no contact information for them. Doc. 32-4, pp. 9-10.

Defendants' Motion to Compel is GRANTED as to Defendants' Interrogatory #10. Defendants are entitled to the address and phone numbers of potential witnesses. *See* FED. R. CIV. P. 26(b)(1); *see also Townsend v. Hosp. Bd. of Directors of Lee Cnty.,* No. 2:10-CV-59-FTM-29, 2010 WL 3702546, *1 (M.D. Fla. Sept. 16, 2010) (holding that residential addresses and phone numbers of possible witnesses are relevant and within the proper scope of discovery under Rule 26(b)(1)). Plaintiff is directed to amend her answer to Interrogatory #10 to include the addresses and phone numbers of Bill Armstrong, Char Armstrong, Mario Neira, and Amy Moran.

> **Interrogatory #14**: Plaintiff was asked to describe each physical, mental and emotional injury for which she is claiming damages in this case, specifying the nature of the injury; the body part, if any, that was inured; the factual basis for her claim that she suffered the injury; the duration of each injury, including whether it is ongoing or permanent; and the effects on her that she claims are permanent.

Doc. 32-2, p. 7.

Defendants argue that Plaintiff fails to identify specific physical injuries, provides an insufficient description of Plaintiff's mental, and emotional injuries, omits the factual basis for any claim, and fails to describe the temporal nature any injury. Doc. 32, pp. 8-9. Plaintiff specifically responded:

> I am claiming damages for emotional pain and distress. My claim involves garden variety emotional damages suffered after being subjected to a prolonged state of emotional distress and embarrassment.
>
> Additionally, while I do contend that I experience ongoing feelings of panic, anxiety, and distress due to the actions of Deputy Katzer and the Pinellas County Sheriff's Office, I am presently unable to calculate how my emotional or mental injuries will affect my capacity to earn income in the future.
>
> Similarly, I also contend that I had suffered physically due to the actions of Deputy Katzer and the Pinellas County Sheriff's Office. I am unable to precisely assess how the physical trauma that I endured, and the pre-existing conditions that were aggravated, will affect my capacity to earn income in the future.
>
> Please also see my answers responsive to interrogatories 15, 16, 17, 18, 20, and 22 below.

Doc. 32-4, p. 12.

Defendants' Motion to Compel is GRANTED as to Defendants' Interrogatory #14. Plaintiff's answer is incomplete and not fully responsive. Plaintiff is directed to amend her answer to Interrogatory #14 stating (1) as to each physical injury, the body part she claims is injured, and (2) as to each physical, mental, or emotional injury: (a) the nature of the injury, (b) the factual basis on which she relies to show she suffered the injury, (3) the duration of the injury, and (4) the effects of the injury, as requested in the interrogatory.

> **Interrogatory #15**: Plaintiff was asked if she had a pre-existing condition or subsequent condition to any part of her body that she alleges was also injured as a result of this incident and, if so, to state the date and circumstances of each pre-existing condition or subsequent condition, the name and address of each medical provider she consulted and dates of treatment, and whether each pre-existing condition or subsequent condition was temporary or permanent.

Doc. 32-2, p. 7.

Defendants assert that Plaintiff's answer is insufficient because she omits reference to a preexisting whiplash injury (an injury Plaintiff referenced during the arrest), and because she provides incomplete information about the injuries her answer does acknowledge. Doc. 32, pp. 9-10. Plaintiff's response to Interrogatory #15 indicates that she twisted her right ankle in November 2018 but did not receive treatment for it and that, in 1998, she was treated for whiplash injuries but could recall no further details. Doc. 32-4, p. 13. Lastly,

11

she claims that, because of the incident with Defendants, she suffered "back spasms, neck pain, right shoulder injury (torn rotator cuff and torn labrum), left shoulder injury (torn rotator cuff), a right ankle sprain, a concussion, and several contusions. Prior to this incident, I had no previous injuries or treatments on my shoulders or for a concussion." *Id.*

Defendants' Motion to Compel is GRANTED in part, as to Defendants' Interrogatory #15. "When a plaintiff places [her] medical condition at issue, [her] pertinent medical records will be relevant and discoverable by defendants." *Lozman v. City of Riviera Beach*, No. 08-80134-CIV, 2014 WL 12692766, *1 (S.D. Fla. May 2, 2014) (quoting *Graham v. Witalec*, No. 5:10–cv– 65–RS–GRJ, 2011 WL 1335808, *1 (N.D. Fla. Apr. 7, 2011)). Plaintiff has placed her preexisting injuries at issue by claiming Defendants aggravated them. Docs. 13, p. 4; 32-4, pp. 12-13. Defendants also have a right to investigate whether the events at issue, or other events, caused the injuries Plaintiff claims to have now. *Sherlock v. Fontainebleau*, 229 F. Supp. 3d 1277, 1282 (S.D. Fla. 2017) ("[A] defendant is entitled to the production of medical records that have 'a logical connection to the Plaintiff's claim of injuries."); *see also* Fed. R. Civ. P. 26(b)(1).

Plaintiff is directed to amend her answer to Interrogatory #15 to identify for each preexisting or subsequent condition that she alleges was also injured as a result of this events in this case: (1) the onset date of the injury or

condition, (2) the circumstances in which she received the injury or condition, (3) the name and address of each medical provider she consulted for the injury or condition, (4) the dates of treatment of the injury or condition, and (5) whether each the injury or condition was temporary or permanent.

> **Interrogatory #16**: Plaintiff was asked if the incident aggravated a pre-existing condition, and if so, to state the date of onset and nature of the pre-existing condition, and the name and address of each medical provider who determined that the aggravation of the pre-existing condition was causally related to the incident.

Doc. 32-2, p. 7.

Defendants contend Plaintiff's answer to this Interrogatory is insufficient because she claims certain conditions ("foot drop" and "twisted ankle") were aggravated by Defendants but fails to provide the name and address of any medical providers who made that determination. Doc. 32, pp. 10-11.

Defendants' Motion to Compel is GRANTED as to Defendants' Interrogatory #16. Plaintiff has placed her preexisting conditions at issue in the case. *See* Doc. 32-4, pp. 12-13. "[A] defendant is entitled to the production of medical records that have 'a logical connection to the Plaintiff's claim of injuries.'" *Sherlock*, 229 F. Supp. 3d at 1277 (citing *Cameron v. Supermedia, LLC,* No. 4:15CV315-MW/CAS, 2016 WL 1572952, *3 (N.D. Fla. Apr. 19, 2016)).

Plaintiff is directed to amend her answer to Interrogatory #16 to include the name and address of each medical provider who determined that any of her preexisting injuries was aggravated by Defendants.

> **Interrogatory #17**: Plaintiff was asked to provide the specific injuries from the incident for which she was examined, treated or prescribed medication and the identities of the providers for all medical and mental health providers who treated her for injuries allegedly sustained in the incident.

Doc. 32-2, p. 7.

Defendants argue that Plaintiff's answer to this Interrogatory is insufficient because, although it lists various healthcare providers, it does not specify the injuries for which each provider examined her, treated her, or prescribed her medication, and does not include sufficient information to identify or contact "Joan," whom Plaintiff lists as a former mental health therapist. Doc. 32, p. 11.

Defendants' Motion to Compel is GRANTED as to Defendants' Interrogatory #17. Here, Plaintiff claims Defendants injured her and seeks damages directly related to the existence and extent of those injuries. Doc. 13, pp. 7-8. Plaintiff must amend her answer to Interrogatory #17 to state, for each provider, the specific body part and type of injury he or she examined or treated, or for which he or she prescribed medication. Additionally, Plaintiff must provide the full name and contact information for "Joan."

14

> **Interrogatory #19**: Plaintiff was asked to state each category of damages she seeks and for each, to state the count in the complaint to which each type of damages relates, the factual basis for her claim that she suffered that type of damage; and an explanation of how she computed each type of damages, including any mathematical formula used.

Doc. 32-2, p. 8.

Defendants assert that Plaintiff's answer to this Interrogatory—in which she incorporates by reference various other Interrogatory answers, then adds that she seeks attorney's fees and costs—fails to answer the question in form or substance. Doc. 32, pp. 12-13.

Defendants' Motion to Compel is GRANTED as to Defendants' Interrogatory #19. First, Plaintiff must provide separate and full answers to each interrogatory, without incorporation by reference, to comply with the Federal Rules. Fed. R. Civ. P. 33(b)(3). Second, Plaintiff must provide a computation of all her damages. Indeed, Plaintiff was required to disclose this without waiting for a request. Federal Rule of Civil Procedure 26(a)(1)(A)(iii) (requiring disclosure of "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material … on which each computation is based, including materials bearing on the nature and extent of injuries suffered"). "To comply with this requirement, parties must perform some analysis, and cannot rely on general statements." *Go Mobile Flooring,*

*LLC v. Blue Banyan Sols., Inc.*, 663 F. Supp. 3d 1294, 1303 (M.D. Fla. 2023) (citation and internal quotations omitted).

This disclosure is unequivocally required for economic damages. And, some courts in this district have required such a computation for non-economic damages as well. *See LeBlanc v. Unifund CCR Partners, G.P.,* No. 8:06-cv-1216-T-TBM, 2007 WL 2446900, *1 (M.D. Fla. Aug. 23, 2007) (plaintiff should be able to estimate damages in good faith and articulate the methods of calculations of his actual damages sought, which included "pain, suffering, worry, fear, and embarrassment"); *Ulvano v. Denny's Corp.,* No. 8:04-cv-153-T-EAJ (M.D.Fla. Nov. 17, 2004) (citing *EEOC v. Rio Bravo Int'l, Inc.,* No. 8:99-cv-1371-T-17MAP (M.D.Fla. Feb. 21, 2001)); *EEOC v. Kronberg Bagel Co.,* No. 2:00-cv-409-FTM-29DNF (M.D.Fla. Oct. 31, 2001); *see also Dixon v. Bankhead*, No. 4:00CV344–WS, 2000 WL 33175440, *1 (N.D. Fla. Dec. 20, 2000) ("If Plaintiff is to be permitted to testify to his intangible emotional harm, as he should be, he surely can place a dollar value on that from his own perspective.").

When courts have allowed a plaintiff to omit a computation of non-economic damages, they have prevented the plaintiff from providing any suggestion of such a calculation to the jury. *See Gray v. Fla. Dep't of Juv. Just.*, No. 306-CV-990J-20MCR, 2007 WL 295514, *2 (M.D. Fla. Jan. 30, 2007) (plaintiffs are "not required to provide Defendant with a calculation of her

16

suggested compensatory damages for emotional distress pursuant to Rule 26.... This conclusion, however, mandates that in the event this case proceeds to trial, Plaintiff may not suggest to the jury a suggested amount of compensatory damages for her emotional distress.").

Plaintiff is directed to amend her answer to Interrogatory #19 to state, for each type of damages she claims (*see, e.g.,* Doc. 32-2, pp. 9–10): (1) the type of damage, (2) the amount sought, (3) the factual basis supporting the claim for damages, and (4) a detailed computation of how she arrived at the amount sought, including any mathematical formula used. If Plaintiff does not provide a good faith estimate of these items for any non-economic damages (such as mental or emotional damages), she should be precluded from suggesting any amount or method of calculating such an amount to the jury.

> **Interrogatory #20**: Plaintiff was asked whether she contends that she lost any past, present or future income, benefits, or earning capacity as a result of the incident and, if so, state the nature of the income, benefits, or earning capacity lost; the employer from whom they were lost; the amounts lost; and the method she used in computing those amounts, including any mathematical formula used.

Doc. 32-2, p. 8.

Defendants argue that Plaintiff's response to this Interrogatory is vague and incomplete. Doc. 32, p. 13. Plaintiff's answer notes that she was denied disability insurance "due to her shoulder injury" and that she lost her medical insurance when her husband lost his job in 2022. Doc. 32-4, p. 17. Plaintiff

contends further that she had to reduce her working hours, because she struggles with pain every day. *Id.*

Defendants' Motion to Compel is GRANTED as to Defendants' Interrogatory #20. Here, Plaintiff has placed at issue her past, present, and future income and benefits, by seeking an award for their loss. Doc. 32-4, p. 12. Plaintiff must provide sufficient information about each of these claims to allow Defendant to investigate and defend them.

Plaintiff is directed to amend her answer to Interrogatory #20 to (1) state and quantify (providing the mathematical formula used): any (a) past, (b), present, or future income or benefit lost, and (2) state the name, address, and phone number of each of the entities that has supplied, is supplying, or would have supplied the income or benefit listed. *See Townsend,* 2010 WL 3702546 at *1 (holding that addresses and phone numbers of possible witnesses are relevant and within the proper scope of discovery under Rule 26(b)(1)).

> **Interrogatory #21**: Plaintiff was asked to state whether anything has been paid or is payable for any of the damages she seeks in this case; if so, to identify by whom they were paid or are owed, and state the amounts paid or payable and if any have or claim a right of subrogation.

Doc. 32-2, p. 8.

Defendant argues that Plaintiff—who answered, "My husband's insurance benefits, from his former employer, covered medical treatments that I received. I lack knowledge regarding the amounts paid to the healthcare

providers from whom I secure examination or treatment" (Doc. 32-4, p. 17)—failed to properly investigate and respond to the question. Doc. 32, p. 14.

Defendants' Motion to Compel is GRANTED as to Defendants' Interrogatory #21. Plaintiff has placed in controversy her medical expenses by seeking an award for their costs. *See* Fed. R. Civ. P. 26(b)(1); *see also Sherlock*, 229 F. Supp. 3d at 1282 ("[A] defendant is entitled to the production of medical records that have 'a logical connection to the Plaintiff's claim of injuries.'"). Insurance payouts and policies that covered her medical expenses are directly relevant to Plaintiff's damages. *See Bowdler v. State Farm Mut. Auto. Ins. Co.*, No. 2:13–cv–539–FtM–38CM, 2014 WL 2700672, *4 (M.D. Fla. June 13, 2014) (holding that payment made from a collateral source is relevant to defense that Plaintiff's damages are subject to be reduced).

Plaintiff is directed to amend her answer to Interrogatory #21 to include, for every entity that has paid for any damage she has incurred (including, but not limited to her husband's insurance carrier): (1) the name and contact information of the entity, (2) any relevant policy number and claim number, (3) the amount paid, and (4) whether there is any right to subrogation. If Plaintiff is unable to get any of this information, she is directed to state, in detail, every step she took to get the information and why she was unable to do so.

> **Interrogatory #22**: Plaintiff was asked to identify each medical provider, mental health provider and/or medical facility where she received any treatment, examination or prescription in the past ten (10) years, and for each, to state the dates of examination, treatment or prescriptions, and the injury, infliction or condition for which she was examined, treated or prescribed medication.

Doc. 32-2, p. 8.

Defendant objects to Plaintiff's answer because it appears to omit several providers and fails to state the listed providers' addresses and phone numbers. Doc. 32, pp. 14-15. Specifically, Plaintiff's answer lists a doctor who treated her in October 2017 and various doctors who treated her in 2019 and 2020. Doc. 32-4, p. 18. It also mentions that she provides only the information she can recall with certainty." *Id.*

Defendants' Motion to Compel is GRANTED as to Defendants' Interrogatory #22. A failure to fully investigate does not excuse a party from providing a full and complete answer to a discovery request. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff is directed to amend her answer to Interrogatory #22 to (1) provide the address and phone numbers for each provider who treated her, and (2) review all records within her legal possession to form a complete response.

ii. <u>Defendant's Request for Better Answers to Requests for Production</u>

"The party upon whom [a] request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b)(2)(A).

> **Request #2**: Plaintiff was asked to produce all documents, photographs, diagrams, or audio and video recordings that evidence, concern or refute any facts alleged in the Amended Complaint, including injuries or damages Plaintiff allegedly sustained due to the incident.

Doc. 32-3, p. 1.

Defendant asserts that Plaintiff's response appears incomplete. Doc. 32, p. 15. In response to Request #2, Plaintiff states "see attached: relevant video and audio files." Doc. 32-3, p. 1.

Defendants' Motion to Compel is GRANTED as to Defendants' Request #2. Given the nature of Plaintiff's claims, her reference to photographs, and her assertions that she's experienced medical and occupational harm, it seems that video and audio files are unlikely to fully comprise all responsive materials. Plaintiff is directed to amend her response to Request #2 to produce all materials that evidence, concern, or refute any facts alleged in the Amended Complaint, including injuries or damages Plaintiff allegedly sustained due to the incident, or to state that all such materials have been provided.

> **Request #18**: Plaintiff was asked to provide all health insurance cards issued to Plaintiff for the year immediately preceding and any time since the incident.

Doc. 32-3, p. 5.

Defendants challenge Plaintiff's response that she has no documents responsive to this request (Doc. 32-3, p. 5), given that Plaintiff specifically references having insurance coverage in other discovery responses. Doc. 32, p. 16.

Defendants' Motion to Compel is GRANTED as to Defendants' Request #18. Here, Plaintiff references medical, dental, and other insurance coverage in her responses to other discovery requests. Doc. 32-4, p. 17. Plaintiff is directed to investigate and produce the policy records associated with any and all coverage from 2018 until the present, including all documents containing the name and contact information for each company and the policy number associated with her coverage. If Plaintiff is unable to get any of this information, she is directed to state, in detail, every step she took to get the information and why she was unable to do so.

> **Request #22**: Plaintiff was asked to provide all documents reflecting any claims Plaintiff has made for worker's compensation, Social Security, disability insurance and/or unemployment, during the five (5) years immediately preceding, and at any time since, the incident.

Doc. 32-3, p. 5.

Defendants challenge Plaintiff's response—in which Plaintiff claims to have no responsive materials—because they note Plaintiff admits to having unsuccessfully applied for disability insurance. Doc. 32, p. 16.

Defendants' Motion to Compel is DENIED as to Defendants' Request #22. Plaintiff reasonably understood the request for documents reflecting any "claims" to relate to claims for payment, rather than applications for coverage. Defendant did not otherwise define the term it it's Requests for Production.

> **Request #23**: Plaintiff was asked to provide all documents that evidence or concern any claims she made and/or benefits she received from any governmental agency or insurance company, including auto insurance (and personal injury protection benefits, uninsured motorist benefits and/or underinsured motorist benefits), health, homeowners, umbrella or disability insurance, relating to the injuries or damages referenced in ¶¶36-40 of the Complaint.

Doc. 32-3, p. 5.

Defendant challenges Plaintiff's response to Request #23—in which she claims to have no responsive materials— given Plaintiff's admission that her husband's insurance paid for her medical treatments. Doc. 32, p. 16.

Defendants' Motion to Compel is GRANTED as to Defendants' Request #23. It is unclear why documents, such as explanations of benefits were not produced in response to this request. Plaintiff is directed to fully investigate all materials in her legal custody and provide all materials responsive to this request.

**Request #27**: Plaintiff was asked to provide all documents that evidence or concern any claims Plaintiff made to, or any benefits Plaintiff received from, any government agency or insurance company, concerning any injuries Plaintiff allegedly sustained and/or any damages Plaintiff seeks, as a result of the incident.

Doc. 32-3, p. 6.

At the hearing, Defendant acknowledged that this request was substantively coextensive with Request #23. Therefore, Defendants' Motion to Compel is DENIED without prejudice as moot, as to Defendants' Request #27.

**Request #32**: Plaintiff was asked to provide all insurance policies and declarations pages in effect on April 13-14, 2019, under which she was insured, including health, automobile, umbrella or disability policies.

Doc. 32-3, p. 7.

Given Plaintiff's prior admission that her husband's insurance covered the cost of her medical treatment, Defendant challenges Plaintiff's response to Request #32, in which Plaintiff stated (Doc. 32-4, p. 17) she had no documents responsive to this request.  Doc. 32, p. 16.

Defendants' Motion to Compel is GRANTED as to Defendants' Request #32. Plaintiff is directed to fully investigate all materials in her legal custody and provide all materials responsive to this request.

**Request #19**: Plaintiff was asked to provide all documents which evidence, concern or refute any claims of lost wages, benefits, earning capacity, and/or business or employment opportunities Plaintiff allegedly sustained as a result of the incident.

Doc. 32-3, p. 5.

24

Defendants challenge Plaintiff's response to Request #19 that she has no documents responsive to this Request. Doc. 32, pp. 17-18. Defendant specifically notes that Plaintiff's tax returns, and documentation concerning her alleged disability, health, and dental insurance denials, and documents evincing past wages and benefits would be responsive here. *Id.*

Defendants' Motion to Compel is GRANTED as to Defendants' Request #19. One typically has records of one's past and present wages, benefits, and employment efforts and of one's unsuccessful attempts to obtain them. Plaintiff has suggested no basis to believe such is not the case here. Plaintiff is directed to fully investigate all materials in her legal custody and provide all materials responsive to this request.

> **Request #20**: Plaintiff was asked to provide her federal income tax returns, including all schedules, attachments (e.g., 1099, W-2 and W-4 forms) and worksheets, for the five (5) years immediately preceding, and at any time since, the incident.

Doc. 32-3, p. 5.

Defendant argues that Plaintiff's corresponding production was incomplete, unsigned, and redacted. Doc. 32, p. 17. Initially, Plaintiff stated she had no responsive documents. Doc. 32-3, p. 5. Plaintiff later amended the production to include unsigned 2018-2021 tax returns with certain redactions and that were scanned in a manner that potentially obscured some of the content. Doc. 32-7.

Defendants' Motion to Compel is GRANTED as to Defendants' Request #20. Plaintiff's income and tax returns are relevant to Plaintiff's claim that she is entitled to damages for a permanent loss of wages.

Plaintiff is directed to produce complete and signed tax forms from 2015 to the present. Plaintiff must state whether any information is obscured or redacted by the manner of production.

> **Request #21**: Plaintiff was asked to provide all payroll documents reflecting Plaintiff 's gross pay, deductions and net pay; overtime assignments and payments for overtime; and vacation, personal, sick and unpaid leave, for the five years immediately preceding, and at any time since, the incident.

Doc. 32-3, p. 5.

Defendant challenges Plaintiff's response that she has no responsive documents. Doc. 32, pp. 17-18.

Defendants' Motion to Compel is GRANTED as to Defendants' Request #21. Typically, one has records, such as tax documents and calendar entries, illustrating one's pay and leave. Plaintiff is directed to fully investigate all materials in her legal custody and provide all materials responsive to this request.

> **Request #49**: Plaintiff was asked to produce the 911 call referenced in ¶33 and ¶39 of the Amended Complaint.

Doc. 32-3, p. 11.

26

Plaintiff's Amended Complaint references the contents of a 911 call. Doc. 13, p. 5. Defendants requested the call, and Plaintiff responds that she has no responsive materials. Doc. 32-3, p. 11. At the hearing, Plaintiff's counsel explained that, while she was trying to obtain the call, she has not yet done so. Plaintiff's counsel confirmed that she understood her obligation to update her response to Defendants' Request by producing the call, should she obtain it. Defendants' Motion to Compel is DENIED without prejudice as moot, as to Defendants' Request #49.

### iii. Defendant's Request for Sanctions

Given Plaintiff's failure to timely respond to Defendants' discovery requests, and given the inadequacy of many of Plaintiffs' responses once she served them, Defendants move for fee shifting under Federal Rule of Civil Procedure 37(a)(5)(A). Rule 37 requires that, if a court grants a motion to compel—"or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The court has discretion to deny fee shifting, however, if "circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(iii).

Here, there is no question that Plaintiff's failure to timely respond to discovery requests, or to Defendants' many subsequent emails seeking

27

responses and amendments, necessitated Defendants' motion to compel, which the Court largely granted. Litigation and consideration of the motion absorbed substantial amounts of time and effort by both the litigants and the Court.

That said, Plaintiff's counsel explained that her transition to a new law firm, along with questions relating to whether the case would travel with her, created unusual circumstances that resulted in the failure to timely respond to the requests. Given the unusual circumstances, I find that an award of fees would be unjust in this unique circumstance. Defendants' Motion to Compel is DENIED as to sanctions.

### B. Defendants' "Motion to Compel Amended Fed. R. Civ. P. 26(a)(1)(A) Disclosures and Corresponding Amendments to Answers to Interrogatories, and for Sanctions" (Doc. 35)

Following an extensive hearing on the motion, the Court grants-in-part and denies-in-part Defendant's "Motion to Compel Amended Fed. R. Civ. P. 26(a)(1)(A) Disclosures and Corresponding Amendments to Answers to Interrogatories, and for Sanctions" (Doc. 35).

Federal Rule of Civil Procedure 26(a)(1)(A) states that "a party must, without awaiting a discovery request, provide to the other parties" certain, specific information about its claims or defenses and the evidence and witnesses that may support it. "A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case." Fed. R.

Civ. P. 26(a)(1)(E). Pursuant to Fed. R. Civ. P. 37(a)(4), "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond."

      i.   <u>The Fed. R. Civ. P. 26(a)(1)(A)(i) Disclosures</u>

Rule 26(a)(1)(A)(i) requires a party to disclose:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Plaintiff makes eight categories of Disclosures under this provision. Doc. 35-2, pp. 1-8. Defendant challenges two:

> **Plaintiff's Disclosure A(6)** states "[o]ne or more of Plaintiff's family members and personal friends, having knowledge of emotional damages occasioned to Plaintiff by Defendant's activities as follows, as well as the work ethic and character of Plaintiff: Plaintiff may provide this information in a supplement at a later date."

Doc. 35-2, p. 2.

Defendants argue that Rule 26 requires Plaintiff to provide specific names and contact information, rather than a general description of the type of person who may be a witness. Doc. 35, p. 6. Defendant further argues that there is no reason Plaintiff should require more time to identify witnesses, because this incident happened nearly five years ago. *Id.*

Defendants' Motion to Compel is GRANTED as to Section (A)(6) of Plaintiff's Rule 26 Disclosures. Plaintiff must amend the Disclosures to specifically identify the names and contact information of each potential witness in this category.

> **Section A(8)** states, "The following current and former employees of defendant may have knowledge of Plaintiff's work performance and/or knowledge of Defendant's discrimination against Plaintiff," then list several persons.

Doc. 35-2, pp. 6-8.

Defendant challenges the information Plaintiff provides as to six persons listed. Doc. 35, pp. 6-8. First, Plaintiff lists "Deputy Frazer" as someone with knowledge of the use of excessive force used to detain Plaintiff during the incident. Doc. 35, p. 6. Defendant indicates there is no "Deputy Frazer" in its employ. *Id.* Plaintiff acknowledged at the hearing that the reference to Deputy Frazer was a mistake; Plaintiff meant to list "Deputy Katzer," the Defendant.

Plaintiff also listed as witnesses Bill and Char Armstrong, Amy Moran, and Mario Neira, but failed to provide their contact information. Doc. 35-2, pp. 5, 7. Rule 26 requires that Plaintiff provide the missing information.

Finally, Plaintiff indicates under witness "Gabe Harling" that he has knowledge of a video taken by "Tracie Harling of the events preceding Plaintiff's wrongful arrest." Doc. 35-2, p. 6. However, Plaintiff did not list Tracie Harling as a witness. At the hearing, Plaintiff acknowledged that the

reference to "Tracie Harling" was a mistake and that Plaintiff meant to refer to "Tricia Harling," who she did list as a witness.

Defendants' Motion to Compel is GRANTED as to Section (A)(8). Under 26(e)(1)(b), Plaintiff must amend her Disclosures under Section A(8) to (1) clarify Deputy Frazier's identity, (2) include contact information for Bill and Char Armstrong, Amy Moran, and Mario Neira, and (3) clarify the identity of "Tracie Harling."

### ii.  The Fed. R. Civ. P. 26(a)(1)(A)(ii) Disclosures

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) a party must, without awaiting a discovery request, provide to the other parties: "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses...."

Under this provision, Plaintiff discloses no documentation, other than the police report and case report. Doc. 35-2, p. 8.

Defendants' Motion to Compel is GRANTED as to Plaintiff's Rule 26(a)(1)(A)(ii) Disclosures. Given the references to various sources of evidence in Plaintiff's other discovery responses and in the hearing, this Disclosure appears incomplete. Plaintiff must amend her Disclosures to list the universe of all tangible evidence in Plaintiff's possession, custody, or control to fully comply with Fed. R. Civ. P. 26(a)(1)(A)(ii).

### iii.    The Fed. R. Civ. P. 26(a)(1)(A)(iii) Disclosures

Under Fed. R. Civ. P. 26(a)(1)(A)(iii) a party must, without awaiting a discovery request, provide to the other parties: "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

Plaintiff does list several categories of damages in her Disclosures under this provision. Doc. 35-2, pp. 9-10. But, Defendants argue that the Disclosures are insufficient, because Plaintiff provided no computation of any category of damages claimed, nor did she identify the documents or other evidentiary material on which such compensation is based.  Doc. 35, pp. 10-13.

Defendants' Motion to Compel is GRANTED as to Plaintiff's Rule 26(a)(1)(A)(iii) Disclosures. As stated previously, Plaintiff must provide computations of each category of her economic damages, and provide the basis for each computation. And, Plaintiff may choose to either disclose good faith estimates and calculations of her non-economic damages, or forfeit the ability to suggest any estimates and calculations to a jury.

32

iv.    Defendants' Request for Amended Interrogatories

Defendants moved to compel amended answers to Interrogatories # 6, 8, 14, and 16, based on Plaintiff's allegation that a "Deputy Frazer" had knowledge of Defendants' alleged use of excessive force. Doc. 35, p. 14. Given Plaintiff's clarification that her reference to "Deputy Frazer" was errant, Defendants Motion to Compel is DENIED as moot, as to its request for amendments to Interrogatories 6, 8, 14, and 16 on this basis.

Defendants also seek an amendment to Plaintiff's amended response to Interrogatory #2, which requests prior employment information, because the response omits reference to "Annasthesia, Inc." for whom Plaintiff submitted a tax document. Doc. 35, p. 14. Defendants' Motion to Compel is GRANTED as to Defendants' request for an amended response to Interrogatory #2. As previously ordered, Plaintiff must amend the Interrogatory response to account for her employment with Annasthesia, Inc.

v.    Defendants' Request for Sanctions

As they did with their first Motion to Compel (Doc. 32), Defendants move pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) for an award of their costs and fees in bringing this Motion (Doc. 35). Again, the Court finds that Plaintiff's failure to fully and timely comply with her discovery obligations, and Plaintiff's failure to respond to Defendants' many subsequent attempts to resolve those deficiencies, necessitated Defendants' motion to compel.

Litigation and consideration of the motion absorbed substantial amounts of time and effort by both the litigants and the Court.

But, again, the Court finds that the transition of Plaintiff's counsel to a new firm created an unusual circumstance that could explain, in part, the failure make proper productions. Given the unusual circumstances, I find that an award of fees would be unjust in this unique circumstance. Defendants' Motion to Compel is DENIED as to sanctions.

### C. Defendants' "Motion for Rule 35 Physical Examination of Plaintiff" (Doc. 38)

Defendant seeks physical examination of Plaintiff, who alleges serious and continuing injuries including a concussion, torn rotator cuff, torn labrum and sprained ankle. Doc. 13. Plaintiff does not object to the examination but objects to an examination occurring in Tampa, which Plaintiff alleges is 2 hours away from Plaintiff's residence.

A Plaintiff who asserts a mental or physical injury "places that mental or physical injury in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). Under Fed. R. Civ. P. 35(a)(1), "[t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or

mental examination by a suitably licensed or certified examiner." (emphasis added).

Rule 35 allows the Court to order an examination where the motion to do so demonstrates good cause and provides notice of the person to be examined; the time, place, manner, conditions, and scope of the examination; and the person or persons who will perform it. Defendant has filed such a motion. Doc. 38.

Here, Plaintiff does not object to the examination, but to the examination occurring in Tampa, which she says is a two-hour drive from her home. Doc. 38, p. 3. Defendants explain that Plaintiff's treatment providers are associated with medical groups with large geographic footprints; so, numerous potential medical professionals were prevented by professional conflicts from examining Plaintiff on their behalf. This made it more difficult for Defendants to identify a doctor closer to Plaintiff, who was familiar to and trusted by Defendant, and who was without conflict.

Defendants' "Motion for Rule 35 Physical Examination of Plaintiff" (Doc. 38) is GRANTED. "Although the movant seeking an examination does not have an absolute right to the examiner of their choice, absent valid objections to the selection, the movant usually is entitled to a physician of their choice." *Hollman v. Nokland*, No. 8:10-cv-0121-T-24AEP, 2010 WL 11629143, *1 (M.D. Fla. Nov. 17, 2010) (quoting *Plaintiff B v. Francis*, No. 5:08CV79-RS/AK, 2009

WL 1360853, *1 (N.D. Fla. May 12, 2009)). The Court notes that Plaintiff is currently unemployed and does not purport to have an injury that makes driving especially difficult or painful. This lawsuit pends in Tampa and will reasonably require that the parties conduct litigation activities in Tampa. Defendant's request for examination, including the location of the examination, is reasonable under the circumstances. Plaintiff must submit to the May 7, 2024 examination detailed in Defendants' motion.

## III. <u>Conclusion</u>

For the reasons stated above, the Court grants-in-part and denies-in-part Defendants' "Motion to Compel Better Answers to Sheriff's Interrogatories and Better Responses to Defendants' Request for Production, and for Sanctions" (Doc. 32) and Defendants' "Motion to Compel Amended Fed. R. Civ. P. 26(a)(1)(A) Disclosures and Corresponding Amendments to Answers to Interrogatories, and for Sanctions" (Doc. 35). The Court grants Defendants' "Motion for Rule 35 Physical Examination of Plaintiff" (Doc. 38).

It is hereby **ORDERED** that:

(1) Defendants' "Motion to Compel Better Answers to Sheriff's Interrogatories and Better Responses to Defendants' Request for Production, and for Sanctions" (Doc. 32) is **GRANTED** to the extent that, on or before **March 14, 2024**, Plaintiff shall produce a supplement amending her responses in accordance with this order.

36

(2)  Defendants' "Motion to Compel Amended Fed. R. Civ. P. 26(a)(1)(A) Disclosures and Corresponding Amendments to Answers to Interrogatories, and for Sanctions" (Doc. 35) is **GRANTED** to the extent that, on or before **March 14, 2024**, Plaintiff shall produce a supplement amending her responses in accordance with this order.

(3) Defendants' "Motion for Rule 35 Physical Examination of Plaintiff" (Doc. 38) is **GRANTED**.

ORDERED in Tampa, Florida on February 29, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge