UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNA MARIE ISSABELLE NEIRA

    Plaintiff,

v().                                             Case No.:  8:22-cv-1720-CEH-NHA

BOB GUALTIERI, in his Official
Capacity as Sheriff of Pinellas
County, Florida, and NOBLE W.
KATZER, Individually,

    Defendants.
_____/

## ORDER ON MOTION FOR SANCTIONS

Following a hearing on the matter, and for the reasons stated therein, the Court grants Defendants' Motion for Sanctions for Violation of Court Orders, Repeated Discovery Violations and Obstruction of the Discovery Process (Doc. 49). Plaintiff is ordered to provide amended and verified responses to interrogatories 9, 15, 16, 19, 20, and 22, by June 24, 2024. In addition, the Court finds that Defendants' motion was necessitated by Plaintiff's repeated failure to promptly and fully respond to Defendants' discovery requests. Pursuant to Federal Rule of Civil Procedure 37(a)(5), Defendants are, therefore, entitled to reasonable fees incurred in bringing the motion.

## I. Background: Plaintiff's Prior Motions to Compel

Plaintiff Anna Marie Issabelle Neira sues Defendants Bob Gualteri and Noble Katzer for damages she allegedly sustained in April 2019, when law enforcement officers attempted to break up an altercation at a bar in St. Petersburg, Florida and mistook Plaintiff for a participant in the fight. *See* Doc. 1-1. Discovery opened in December 2023 (Doc. 29) and closes in December 2024 (Doc. 48).

This is not the first time Defendants have sought the Court's assistance in securing discovery responses from Plaintiff. *See* Docs. 32, 35, & 38. The Court previously addressed insufficient discovery responses with an extensive hearing (Docs. 42, 43) and order (Doc. 41) following three motions to compel (Docs. 32, 35, 38). It is the Court's order on those motions (Doc. 41) that Plaintiff now violates.

> *A. Defendants' Motion to Compel Better Answers to Sherriff's Interrogatories and Better Responses to Defendants' Request for Production, and for Sanctions (Doc. 32)*

On October 10, 2023, the Sheriff propounded his First Set of Interrogatories, to which Plaintiff's responses were due November 9, 2023. Doc. 32, pp. 1-2. After Plaintiff did not respond, Defendants followed up by email on November 17 and 29. Doc. 30, pp. 1-2. Again, Plaintiff did not respond. Doc. 32, p. 2. On December 13, 2023, Defendant filed a Motion to Compel (Doc. 30) prompting Plaintiff to serve unverified answers to the interrogatories. Doc.

32, p. 2. Defendant emailed Plaintiff on December 14 and 18 to request verified answers. Doc. 32-5, pp. 1-3. On December 18, Plaintiff finally served verified answers. Doc. 32-4.

Defendants then reached out to Plaintiff on December 14, 20 and 22, to point out numerous deficiencies in those answers. Docs. 32-5, pp. 1-3; 32-6, pp. 1-3. On December 22, Defendants informed Plaintiff that they would move to compel complete answers, and Plaintiff responded, "feel free to proceed with your MTC and we will allow the court to address." Doc. 32-6, p. 1.

Then, Plaintiff served amended responses to two of Defendants' many requests. Doc. 32-7. On January 4, 2024, Defendants' filed a "Motion to Compel Better Answers to Sherriff's Interrogatories and Better Responses to Defendants' Request for Production, and for Sanctions." Doc. 32. Plaintiff did not file a response.

> B. *Defendants' Motion to Compel Amended Fed. R. Civ. P. 26(a)(1)(A) Disclosures and Corresponding Amendments to Answers to Interrogatories, and for Sanctions (Doc. 35)*

On November 9, 2023, the Court ordered the parties to make thier Rule 26 disclosures on or before December 15, 2023. Doc. 29, p. 1. Plaintiff failed to serve her initial disclosures in accordance with the Court's order. Doc. 35, p. 2. On December 19 and 20, Defendants followed up with Plaintiff, requesting the disclosures and indicating that they planned to move to compel the disclosures if they were not provided. Doc. 35-1, pp. 1-2. This prompted Plaintiff to serve

3

her initial disclosures on December 22, 2023. Doc. 35-2. Defendants emailed Plaintiff on January 9, 11, 16, and 19, after finding the disclosures incomplete. Doc. 35-3, pp. 1-6. On January 11, Plaintiff stated she was finalizing the information. Doc. 35-3, pp. 2-3. On January 24, 2024, Defendants' filed a "Motion to Compel Amended Fed. R. Civ. P. 26(a)(1)(A) Disclosures and Corresponding Amendments to Answers to Interrogatories, and for Sanctions." Doc. 35. Again, Plaintiff did not file a response.

### C. *Defendants' Motion for Rule 35 Physical Examination of Plaintiff (Doc. 38)*

On February 9, 2024, Defendants filed a "Motion for Rule 35 Physical Examination of Plaintiff." Doc. 38. Defendant represented that Plaintiff opposed the motion because of the time required for Plaintiff to travel from Bradenton, Florida to Tampa, Florida for the evaluation. Doc. 38, p. 3. Again, Plaintiff did not file a response to the motion.

### D. *The Court's February 21, 2024 Hearing*

After Defendants' filed these motions to compel better answers to interrogatories and requests for production (Doc. 32); amended Rule 26 disclosures (Doc. 35); and a physical examination of Plaintiff (Doc. 38), the Court held a three-hour hearing, in which it painstakingly outlined Plaintiff's discovery obligations. *See* Doc. 40. Specifically, the Court ordered Plaintiff, by March 14, 2024, to:

4

(1) Amend 11 out of 12 of her answers to Defendant's interrogatories;

(2) Amend 7 out of 10 requests for production;

(3) Produce all Rule 26 (a)(1)(A)(i)-(iii) disclosures; and

(4) Attend a physical examination on May 10, 2024.

Doc. 41.

## II. Defendants' Current Motion for Sanctions for Violation of Court Orders, Repeated Violations and Obstruction of the Discovery Process (Doc. 49)

It is in the wake of this order (Doc. 41), and for Plaintiff's ostensible violation of it, that Defendants bring the present motion (Doc. 49), asserting that Defendants still lack complete and verified answers to their discovery requests, the answers they have received appear to directly contradict evidence in the record, and Plaintiff still has not submitted to a physical examination.

Defendants describe their challenges in enforcing the Court's prior order. Specifically, on March 14, Plaintiff moved for an extra day to comply with the Court's order. Doc. 44. Defendants did not oppose the motion. However, Defendants filed a response the next day, alerting the Court that Defendants had not received any discovery responses from Plaintiff. Doc. 45. Notably, Defendants indicated that Plaintiff had not produced even a partial production. *Id.*

On March 20, the Court granted Plaintiff's motion for an extension of time and instructed Plaintiff to produce, by March 21, all responses that the

Court had ordered. Doc. 46. Plaintiff produced amended verified responses. Docs. 49-2, p. 42; 49-1, p. 32. But, they were insufficient. For weeks, the parties exchanged emails as Defendants sought complete and accurate responses to their requests. Doc. 49-2, pp. 5, 10-28, 41. Plaintiff then served amended *unverified* interrogatories on April 19. Doc. 49-4.

Noting that the interrogatories were unverified, incomplete, and inconsistent with record evidence, Defendants continued communicating with Plaintiff, through May 15th, to seek full and accurate responses to their discovery requests. Doc. 49-2, pp. 1, 10-13, 17, 18, 23. Plaintiff did not cure the deficiencies.

On May 22, Defendants filed the present Motion for Sanctions for Violation of Court Orders, Repeated Discovery Violations and Obstruction of the Discovery Process. Doc. 49. The Court set a hearing on the motion for June 18th. Plaintiff's response to the motion was due on June 5th, but she did not respond until June 18th (Doc. 52), the morning of the hearing. She did not seek leave to file the untimely response.

At the June 18th hearing, Plaintiff acknowledged that (1) her April 19th responses to Defendants' interrogatories were unverified; (2) some of her April 19th responses conflicted with those she produced on March 15th, (3) many of her interrogatory responses were inconsistent with evidence in the record; and (4) she may have inadvertently sent the wrong version of the responses to

Defendants. For the reasons stated above and on the record, I granted Defendants' Motion to the extent I found Defendants' objections to Plaintiff's responses to be well-founded, and ordered amended, complete, and verified responses to each of the disputed interrogatories.

Because I granted their motion, Defendants were presumptively entitled to recover from Plaintiff or her counsel the reasonable fees they incurred in bringing the motion. Fed. R. Civ. P. 37(a)(5). There is no question that Defendants attempted to obtain the discovery without court action. *See* Fed. R. Civ. P. 37(a)(5)(A)(i). Defendants have expended considerable time and resources to investigate the facts withheld by Plaintiff, to seek in curing the deficiencies in Plaintiff's responses, and to litigate motions before the court when those attempts failed. Given the painstaking detail the Court has taken to explain, both orally and in writing, Plaintiff's obligations with respect to Defendants' discovery requests (*see* Docs. 41, 42, 43), Plaintiff's failure to abide them is not substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). And, the Court sees no basis on which to find that fee shifting is otherwise unjust. Accordingly, Defendants are entitled to the reasonable expenses they incurred in bringing the motion.

### III.   CONCLUSION

For the reasons stated above, and at the June 18th hearing, it is hereby **ORDERED** that:

(1) Defendants' Motion for Sanctions for Violation of Court Orders (Doc. 49) is **GRANTED**.

(2) By **June 24, 2024**, Plaintiff must provide complete, accurate, and verified responses that comply with this Court's prior order (Doc. 41):

    (a) To Interrogatories 9 and 19. Failure to comply will result in a recommendation that Plaintiff be prohibited from submitting evidence of any damages associated with securing her release from jail. Fed. R. Civ. P. 37(b)(2)(A)(ii).

    (b) To Interrogatories 15, 16, and 22. Failure to comply will result in a recommendation that the Court give an adverse jury instruction. Fed. R. Civ. P. 37(b)(2)(A); *see also Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295 (11th Cir. 2020) (upholding a District Court's decision to issue an adverse jury instruction as a sanction for violation of court orders). Specifically, the undersigned may recommend that that the Court instruct the jury: "Plaintiff's failure to timely, fully, and truthfully respond to the interrogatories may indicate that a full and truthful response would have been harmful to Plaintiff's claim that her injuries and conditions were caused by the incident."

    (c) Interrogatory 20. Failure to comply may result in a recommendation that the Court prohibit Plaintiff from

8

presenting evidence of damages relating to past, present, or future income or benefits lost. Fed. R. Civ. P. 37(b)(2)(A)(ii).

(3) Defendants are entitled to the reasonable fees they incurred in bringing their motion (Doc. 49).

  (a) Plaintiff and Defendants are DIRECTED to confer as to the amount of fees that Defendants are owed, and to file notice with the Court by **June 30, 2024** as to whether they can agree on the amount and, if so, the amount to which they agree.

  (b) If the parties cannot agree, the Court will defer, until the conclusion of the case, a ruling on the amount of fees Defendants are owed.

  (c) In addition, the Court will defer ruling, until the conclusion of the case, as to whether the fees will be borne by Plaintiff or Plaintiff's counsel.

DONE and ORDERED in Tampa, Florida on June 21, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge