UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNA MARIE ISSABELLE NEIRA

    Plaintiff,

v.                                    Case No.:  8:22-cv-1720-CEH-NHA

BOB GUALTIERI, in his Official
Capacity as Sheriff of Pinellas
County, Florida, and NOBLE W.
KATZER, Individually,

    Defendants.
_____/

## ORDER ON MOTION TO COMPEL

Following a hearing on the matter, and for the reasons stated therein, the Court grants in part Defendants' Motion to Compel Responses to Defendants' Fourth and Fifth Requests for Production (Doc. 56). Plaintiff is ordered to provide verified responses to Defendants' Fourth Request for Production (as modified at the hearing) and to Defendants' Fifth Requests for Production, by August 21, 2024. In addition, the Court finds that Defendants' motion was necessitated by Plaintiff's repeated failure to promptly respond to Defendants' discovery requests. Pursuant to Federal Rule of Civil Procedure 37(a)(5), Defendants are, therefore, entitled to reasonable expenses incurred in bringing the motion as to its Fifth Requests for Production.

## I. Background

Plaintiff Anna Marie Issabelle Neira sues Defendants Bob Gualteri and Noble Katzer for damages she allegedly sustained in April 2019, when law enforcement officers attempted to break up an altercation at a bar in St. Petersburg, Florida and mistook Plaintiff for a participant in the fight. *See* Doc. 1-1. Discovery opened in December 2023 (Doc. 29) and closes in December 2024 (Doc. 48).

### i. Prior Discovery Litigation

Defendants have repeatedly sought the Court's assistance in securing discovery responses from Plaintiff. *See* Docs. 32, 35, 38, 49. The Court previously addressed insufficient discovery responses—and violations of the Court's orders to redress insufficient responses—with extensive hearings (Docs. 42, 43, 53, 54) and written orders (Docs. 41, 55). *See* Doc. 55 (discussing history of Plaintiff's failures to participate in discovery and litigation and the Court's attempts to address them).

### ii. Present Motion to Compel (Doc. 56)

On May 20, 2024, Defendant served its Fourth Request for Production, seeking a single and limited release to allow Defendants to subpoena certain medical records. Doc. 56, pp. 1-2; Doc. 56-1. Plaintiff's response to the request was due June 19, 2024.

On May 24, 2024, Defendants served their Fifth Request for Production, seeking six categories of audio, video, or photographic evidence. Doc. 56, pp. 1-2; Doc. 56-2. Plaintiff's response was due June 24, 2024.

Plaintiff did not respond to either the Fourth or Fifth Request for Production, timely or otherwise.

Defendants filed the present Motion to Compel (Doc. 56) on June 26, 2024. Pursuant to Local Rule 3.01, Plaintiff's response was due on or before July 10, 2024. Repeatedly, Plaintiff has failed to respond to Defendants' Motions to Compel,[1] prompting the Court to warn Plaintiff's counsel, in hearings and in writing, that failures to respond to motions may result in the Court construing the motions as unopposed. *See, e.g.*, Doc. 41, p. 5. Notwithstanding the Court's prior warnings, Plaintiff again failed to respond to the motion at issue, either timely or otherwise.

---

[1] On January 4, 2024, Defendants' filed a "Motion to Compel Better Answers to Sherriff's Interrogatories and Better Responses to Defendants' Request for Production, and for Sanctions." Doc. 32. Plaintiff did not file a response.
    On January 24, 2024, Defendants' filed a "Motion to Compel Amended Fed. R. Civ. P. 26(a)(1)(A) Disclosures and Corresponding Amendments to Answers to Interrogatories, and for Sanctions." Doc. 35. Again, Plaintiff did not file a response. On February 9, 2024, Defendants filed a "Motion for Rule 35 Physical Examination of Plaintiff." Doc. 38. Defendant represented that Plaintiff opposed the motion because of the time required for Plaintiff to travel from Bradenton, Florida to Tampa, Florida for the evaluation. Doc. 38, p. 3. Again, Plaintiff did not file a response to the motion.

3

On August 14, 2024, I held a hearing on Defendants' Motion to Compel. At the hearing, Plaintiff's counsel acknowledged that she had not produced any response to the requests for production and that she had not filed responses in opposition to the motion.

As to the Fourth Request for Production, Plaintiff's counsel said she voiced a concern to defense counsel that the request for medical records from Women's Care, a gynecological practice, seemed irrelevant. Defense counsel explained that plaintiff's counsel did informally convey that concern. Thereafter, however, defense counsel explained to Plaintiff's counsel that she had seen references to Plaintiff's back injuries in other gynecological records. Given that Plaintiff claimed Defendants were responsible for her back injuries, defense counsel believed the records were relevant. Plaintiff's counsel said she would talk to her client and get back to defense counsel on the issue. She never did.

At the hearing, I noted that the waiver request—a form provided by Women's Care—included a request for genetic information. The parties agreed that this information was irrelevant to the proceedings and Defendant agreed to modify the waiver to remove that request.

As to the hearing regarding Defendants' Fifth Requests for Production, Plaintiff's counsel said that she thought the discovery requests in this case had

been voluminous and that this was partially why she had not timely made responsive productions.

I reminded Plaintiff's counsel that the proper way to voice and preserve any opposition to Defendants' discovery requests was to timely and properly object to them. Plaintiff had a duty to respond to Defendant's requests for production, attempts to confer, and motions to compel, if she opposed the requests. She failed to do so, both in this instance and many times throughout the litigation.

## II. Discussion

Parties may obtain discovery on any matter that is not privileged, that is relevant to the claim or defense of any party, and that is proportional to the needs of the case and the amount in controversy. Fed. R. Civ. P. 26(b)(1). Given the claims and disclosures before the Court, it appears that Defendants' discovery requests "bear[ ] on, or . . . reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Moreover, I find that Plaintiff waived any objection she may have had to Defendants' Fourth and Fifth Requests for Production, by failing to timely and properly raise them. *See* Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A) (Failure to respond to requests for production in writing, within 30 days, waives any objection the responding party may have to the requests, including objections based on

5

privilege or work product); *see also Maus v. Ennis*, 513 F. App'x 872, 876 (11th Cir. 2013). Likewise, I construe Plaintiff's failure to respond to Defendants' Motion to Compel to be a concession that the motion is unopposed. *See* M.D. Fla. Local Rule 3.01(c) (If a party fails to respond to a motion, the Court may treat that motion as unopposed).

Because Defendants' requests are reasonable (with the one modification addressed above) and without objection or opposition, I grant the motion to compel responses to Defendants' Fourth Requests for Production, in part, and to Defendants' Fifth Requests for Production, in whole.

Because I grant their motion as to the Fifth Requests, Defendants are presumptively entitled to recover from Plaintiff or her counsel the reasonable fees they incurred in bringing the motion. Fed. R. Civ. P. 37(a)(5). There is no question that Defendants attempted to obtain the discovery without court action. *See* Fed. R. Civ. P. 37(a)(5)(A)(i). Given Plaintiff's systemic pattern of disregarding her discovery obligations, and the Court's repeated warnings and admonishments that she must follow the discovery rules, Plaintiff's failure respond to Defendants' discovery requests was not substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). And, the Court sees no basis on which to find that fee shifting is otherwise unjust. Moreover, the Court is mindful that "[s]anctions for failure to comply with discovery orders must be applied diligently both to penalize those whose conduct may be deemed to warrant such

6

sanctions and to deter those who might be tempted to such conduct in absence of such deterrent." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752 (1980).

### III.  Conclusion

For the reasons stated above, and at the August 14, 2024 hearing, it is hereby **ORDERED** that:

(1) Defendants' Motion to Compel (Doc. 56) is **GRANTED in PART**.

(2) By August 21, 2024, Plaintiff must produce the materials responsive to Defendants' Fourth[2] and Fifth Requests for Production.

(3) Defendants are entitled to the reasonable fees they incurred in bringing their motion to compel responses to their Fifth Requests for Production.

   (a) Plaintiff and Defendants are **DIRECTED** to confer as to the amount of fees that Defendants are owed, and to file notice with the Court by August 28, 2024 as to whether they can agree on the amount and, if so, the amount to which they agree.

   (b) If the parties cannot agree, the Court will defer, until the conclusion of the case, a ruling on the amount of fees Defendants are owed.

---

[2] As modified to exclude a request for genetic information.

(c) The Court will defer ruling, until the conclusion of the case, as to whether the fees will be borne by Plaintiff or Plaintiff's counsel.

DONE and ORDERED in Tampa, Florida on August 15, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge