UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNA MARIE ISSABELLE NEIRA,
Plaintiff,

v. Case No. 8:22-cv-01720-NHA

BOB GUALTIERI, in his Official Capacity as Sheriff of Pinellas County, Florida, and NOBLE W. KATZER, Individually,
Defendants.
_____________________________________/

**DEFENDANTS' MOTION TO TAX COSTS AND FOR DETERMINATION OF ENTITLEMENT TO ATTORNEY'S FEES AND NON-TAXABLE COSTS**

Defendants, BOB GUALTIERI, in his Official Capacity as Sheriff of Pinellas County, Florida and NOBLE KATZER, Deputy Sheriff, Pinellas County (collectively "Defendants"), hereby move this Court, pursuant to Fed. R. Civ. P. 54 and 68, 28 U.S.C. §§ 1920 and 1921, M.D. Fl. R. 7.01(b), Fla. R. Civ. P. 1.442 and §768.79, Fla. Stat., hereby move this Court to enter an order taxing $10,696.19 in costs listed in the Bill of Costs and exhibits thereto (Doc. 141), and for determination of entitlement to attorney's fees and nontaxable costs, and in support, state:

1. On May 24, 2024, pursuant to Fla. R. Civ. P. 1.442 and §768.79, Fla. Stat., the Sheriff served upon Plaintiff's Counsel, Farnita Saunders Hill (Exhibit 1-1), two proposals for settlement and offers of judgment ("PFS/OJs") as to Counts III and IV (Exhibits 1-2 and 1-3), which were not accepted within 30 days. (Exhibit 1, ¶5). These PFS/OJs were made in good faith, based *inter alia* on the videos

depicting the incident and showing Plaintiff in the cruiser after arrest, the sworn statements of Sgt. Katzer, witnesses and Plaintiff herself concerning her resisting and battery of Sgt. Katzer while she was aware he was a deputy sheriff, case law demonstrating that summary judgment must issue in Defendants' favor on all counts, and Plaintiff's inability to demonstrate she suffered any injuries as a result of the *de minimis* force used to effectuate her arrest. (Exhibit 1, ¶6).

2. The Court dismissed this case with prejudice (Doc. 137) and entered judgment in Defendants' favor on July 17, 2025 (Doc. 139), so Plaintiff obtained no recovery in this case and Defendants are the prevailing parties.

3. On July 23, 2025, Defendants filed a Bill of Costs and supporting exhibits, requesting taxation of $10,696.19 in costs. (Doc. 141). The Court ordered Defendants to file this Motion by August 11, 2025. (Doc. 144).

4. In addition to the taxable costs sought by Defendants in the Bill of Costs (Doc. 141), pursuant to Fla. R. Civ. P. 1.442 and §768.79, Fla. Stat., under the expired PFS/OJs as to Counts III and IV (Exhibits 1-2 and 1-3), the Sheriff is entitled to attorney's fees incurred after the May 24, 2024, service of the PFS/OJs. Although the Sheriff's Counsel worked hundreds of hours on this case after serving the PFS/OJs, the Sheriff only seeks his attorney's fees for researching and writing the summary judgment motion as to the state law battery and false arrest claims and the damages sought thereunder (Exhibit 1, ¶7), as well as any attorney's fees incurred in litigating his entitlement to attorneys' fees. *Id.*

5. Finally, pursuant to Fla. R. Civ. P. 1.442 and §768.79, Fla. Stat., under the expired PFS/OJs as to Counts III and IV (Exhibits 1-2 and 1-3), the Sheriff is entitled to non-taxable costs incurred after service of the PFS/OJs totaling $7,225.00, itemized as follows: $1,750.00 for Compulsory Medical Examiner, Steven Knezevich, review and report; $4,875.00 for radiologist review and report; and $600.00 for mediation (Exhibit 1, ¶¶ 11-12; Exhibits 1-1 and 1-4).

**MEMORANDUM OF LAW**

## I. DEFENDANTS ARE ENTITLED TO TAXATION OF $10,696.19 IN TAXABLE COSTS SOUGHT IN THE BILL OF COSTS (DOC. 141)

### A. Taxation of Costs Under 28 U.S.C. § 1920

Pursuant to Fed. R. Civ. P. Rule 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs...should be allowed to the prevailing party." "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs," *Armstrong v. U.S. Attorney Gen.*, No. 20-10929, 2021 WL 4946923, at *3, n. 2 (11th Cir. Oct. 25, 2021), "which [the opposing party] must overcome." *Keefe v. Britt's Bow Wow Boutique, Inc.*, No. 23-14024, 2025 WL 1483009, at *15 (11th Cir. May 23, 2025) (quoting *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991)). "[A] court 'must have and state a sound basis' for denying costs because 'denial of costs is in the nature of a penalty for some defection on the prevailing party's part in the course of the litigation.' " *Keefe*, 2025 WL 1483009, at *15 (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)).

Taxable costs include filing fees, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," "[f]ees and disbursements for printing and witnesses," and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case," 28 U.S.C. §1920, and costs associated with service of subpoenas. 28 U.S.C. §1921.

### B. <u>Defendants are Entitled to the Taxable Costs Requested (Doc. 141)</u>

#### 1. Fee to Remove this Case from State Court

Defendants were charged a $402.00 court filing fee when they removed this action from state court to federal court. (Doc. 1; Doc. 141; Doc. 141-1, p. 1, ¶3; p. 3). Defendants are entitled to taxation of the $402.00 filing fee. *See* 28 U.S.C. §1920(1); *Johnston v. Borders*, 36 F.4th 1254, 1287, n. 64 (11th Cir. 2022).

#### 2. Fees to Serve Subpoenas

Defendants were charged $751.65 for service of subpoenas. (Exhibit 1, ¶12). "Fees for serving subpoenas on witnesses – including service via private process server – may be taxed as costs pursuant to 28 U.S.C. § 1920(1) and 28 U.S.C. § 1921(a)(1)(B)." *Nat'l Indem. Co. of S. v. Ma Alternative Transp. Services, Inc.*, No. 6:19-CV-13-RBD-LHP, 2023 WL 1802145, at *5 (M.D. Fla. Jan. 23, 2023), *report and recommendation adopted sub nom. Nat'l Indem. Co. of the S. v. MA Alternative Transp. Services, Inc.*, No. 6:19-CV-13-RBD-LHP, 2023 WL 1796525 (M.D. Fla. Feb. 7, 2023) (citing *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).

Defendants subpoenaed several witnesses identified in Plaintiff's discovery

responses for deposition and issued record custodian subpoenas and were charged $751.65 to serve the subpoenas. (Doc. 141; Doc. 141-1, p. 1, ¶4; p. 4-17; Exhibit 1, ¶12). Witnesses Gabe and Tricia Harling and Sadie Sykes moved since the incident, so two different process servers made multiple efforts to serve them at the addresses listed in the police reports and at addresses provided by neighbors, until they finally served them at work, and same day service was required to serve Sadie Sykes when it was learned earlier in the day that she would be working that night. (Exhibit 1, ¶12). In addition, Plaintiff provided an address for her brother, Mario, and two different process servers made multiple efforts to serve him at that address but it appeared abandoned and they received no response when they left their cards so they unsuccessfully tried to serve him at Plaintiff's house where he previously lived but were advised he no longer lived there, then Plaintiff provided Mario's fiancé's address, who informed the process server he was staying at his mother's house, and the process server was finally able to meet him to effectuate service. *Id.* The costs associated with serving each subpoena is itemized below:

| Provider | Date Served/Non-Served | Reason for Service | Cost |
|---|---|---|---|
| Absolute Services | 6/27/24 non-served (witness moved from last known address and process server attempted service at multiple addresses) | Subpoena of Gabriel Harling for deposition | $40.00 |
| Robert L. Jones | 7/19/24 served | Subpoena of Gabriel Harling for deposition | $32.00 |

| | | | |
|---|---|---|---|
| Absolute Services | 6/27/24 non-served (witness moved from l/k/a and process server attempted service at multiple addresses) | Subpoena of Tricia Harling for deposition | $60.00 |
| Robert L. Jones | 7/19/24 served | Subpoena of Tricia Harling for deposition | $32.00 |
| Absolute Services | 6/13/24 served | Subpoena of Amy Moran for deposition | $18.00 |
| Absolute Services | 7/16/24 non-served (witness moved from l/k/a and process server attempted service at multiple addresses) | Subpoena of Mario Neira for deposition | $60.00 |
| Robert L. Jones | 7/19/24 served (witness moved from l/k/a and process server had to attempt service at multiple addresses before he was served) | Subpoena of Mario Neira for deposition | $126.00 |
| Absolute Services | 6/7/2024 served | Subpoena of William Armstrong for deposition | $20.00 |
| Absolute Services | 6/7/2024 served | Subpoena of Charlette Armstrong for deposition | $20.00 |
| Absolute Services | 6/25/24 served (witness moved from l/k/a and process server attempted service at multiple addresses and finally served her via expedited same day in-hand service once it was confirmed she was scheduled to work later that night) | Subpoena of Sadie Sykes for deposition | $100.00 |
| Absolute Services | 6/12/24 served | Subpoena of Richard Kyle Anderson for deposition | $20.00 |
| Robert L. Jones | 6/21/24 served (out of state subpoena service) | Subpoena of John Cotter for deposition | $177.00 |
| Department of Financial | 2/12/24 served | Subpoena of CIGNA record custodian | $15.55 |

| | | | |
|---|---|---|---|
| Services - Svc of Process | | | |
| Department of Financial Services - Svc of Process | 4/24/24 served | Subpoena of Freedom Life Insurance Co and Guardian Life Insurance Co record custodians | $31.10 |
| **Total** | | | **$751.65** |

Defendants are entitled to taxation of $751.65 for service of subpoenas. *See* 28 U.S.C. §§1920(1) and 1921(1); (Exhibit 1, ¶12).

**3. Fees for Printed or Electronically Recorded Transcripts Obtained for Case**

Defendants were charged $4,531.70 for transcripts necessarily obtained for use in this case of several witnesses identified in Plaintiff's discovery responses, for depositions and sworn interviews taken pursuant to Plaintiff's internal affairs complaint against Defendant Katzer. (Doc. 141; Doc. 141-1, p. 12, ¶5; p. 18-23; Exhibit 1, ¶12). "[A] deposition taken within the proper bounds of discovery ... will normally be deemed to be 'necessarily obtained [ ] for use in the case' and its costs will be taxed[.]" *Nolen v. Fairshare Vacation Owners Ass'n*, No. 6:20-CV-330-PGB-EJK, 2022 WL 3136863, at *2 (M.D. Fla. May 26, 2022), *report and recommendation adopted,* No. 6:20-CV-330-PGB-EJK, 2022 WL 3136843 (M.D. Fla. June 13, 2022) (citing *Strong v. GEICO Gen. Ins. Co.*, No. 8:16-cv-1757-T-36AAS, 2018 WL 671342, at *3 (M.D. Fla. Jan. 10, 2018), *report and recommendation adopted*, No. 8:16-cv-1757-T-36AAS, 2018 WL 647457 (M.D. Fla. Jan. 31, 2018)).

Taxation of transcripts on the losing party's witness list is reasonable because

the listing of those witnesses indicated the transcripts were necessarily obtained for use in the case. *W&O, Inc.*, 213 F.3d at 621; *see also Frost v. McNeilus*, No. 8:14-CV-81-T-24 MAP, 2015 WL 1730244, at *2 (M.D. Fla. Apr. 14, 2015) (4 court reporter hourly appearance fee recoverable and taxable against the losing parties); *Butler v. Wright*, No. 806CV165T17TBM, 2010 WL 599387, at *7 (M.D. Fla. Feb. 16, 2010) (all of the depositions were necessarily obtained for use in the case and were taxable against losing party). The fees for printed or electronically recorded transcripts were:

| **Provider** | **Transcription** | **Cost** |
|---|---|---|
| American High-Tech Transcription And Reporting | Transcription of Plaintiff's sworn testimony to Pinellas County Sheriff's Office ("PCSO") Professional Standards Bureau, for internal affairs complaint against Defendant, Noble Katzer | $ 202.80 |
| Apex Reporting | Deposition transcript of Defendant, Noble Katzer | $ 859.95 |
| Array Reporting | Transcription of sworn testimony of witnesses Trish Harling, Gabe Harling, Sadie Sykes and Jeremiah Robinson to PCSO Professional Standards Bureau, for internal affairs complaint against Defendant, Noble Katzer | $ 731.60 |
| Vincent M. Lucente & Associates, Inc. | Deposition transcript of Plaintiff, Anna Neira | $2,737.35 |
| **Total:** | | **$4,531.70** |

Defendants are entitled to taxation of $4,531.70 for the costs of transcripts necessarily obtained for use in this case. *See* 28 U.S.C. §§1920(2); Exhibit 1, ¶12).

### 4. Copying costs

During the litigation of this matter, Defendants incurred $3,420.89 in fees for exemplification and making copies necessarily obtained for use in this case,

calculated as follows:

a. 142 pages of correspondence to Plaintiff's counsel, Defendants, Defendants' expert witness, records custodians, witnesses, State Attorney's Office and this Court at .15¢ per page, totaling $21.30;

b. 9,541 pages of copies of every filing in this case (1,505 pages), as well as the correspondence (142 pages), discovery (3,774 pages), records printed for hearings, depositions and mediation (2,245 pages), Proposals for Settlement (10 pages), records for expert witness review (1,865 pages) were printed and placed in the paper litigation case files of Pinellas County Sheriff's Office General Counsel's Office at .15¢ per page, totaling $1,431.15; and

c. Records custodians charged $1,968.44 for the copying costs for subpoenaed records

(Doc. 141; Doc. 141-1, p. 12, ¶5; p. 24-55).

The record custodian charges are itemized as follows:

| **Provider** | **Records** | **Cost** |
|---|---|---|
| Akumin | Radiology records | $ 9.00 |
| AT&T | Phone records | $ 70.00 |
| Baycare Health System | Medical records (invoice # 1089-S) | $ 15.00 |
| Baycare Health System | Medical records (invoice # 2014-S) | $ 15.00 |
| Center for Special Surgery | Medical records | $ 28.35 |
| Central Imaging Open MRI | Xray films | $ 46.63 |
| Central Imaging Open MRI | Medical records | $ 31.00 |
| Cigna Insurance | Records | $ 40.00 |
| CIOX Health | Medical records (invoice # 0445606108) | $ 2.00 |
| CIOX Health | Medical records (invoice # 0468096729) | $ 2.00 |
| CIOX Health | Medical records (invoice # 0468345486) | $ 2.00 |
| CORA Health Services | Medical records | $ 20.00 |
| CVS Pharmacy | Pharmacy records (invoice #5225614) | $ 6.50 |

| | | |
|---|---|---|
| CVS Pharmacy | Pharmacy records (invoice #5251652) | $ 6.50 |
| Farkas Chiropractic | Medical records | $ 65.75 |
| FHSMV | Crash report request (2/26/24) | $ 10.00 |
| FHSMV | Crash report request (7/11/24) | $ 10.00 |
| Tyler Payment Services | FWC records re Plaintiff's 2024 criminal case | $ 26.72 |
| Florida Blue | Insurance records | $ 75.00 |
| The Guardian Life Insurance | Insurance records | $241.00 |
| Joan Kerwin, LMFT | Psych records | $ 31.70 |
| Price Hoffman Stone Radiology | Xray films | $ 42.00 |
| Radiology & Imaging Specialists | Xray films | $ 50.00 |
| Sharecare | Medical records (invoice # 23941467) | $265.99 |
| Sharecare | Medical records (invoice # 23943374) | $ 38.59 |
| Sharecare | Medical records (invoice # 23997282) | $337.75 |
| Sharecare | Medical records (invoice # 26205980) | $ 68.99 |
| Sharecare | Medical records (invoice # 27097267) | $126.99 |
| Sharecare | Medical records (invoice # 27358921) | $131.99 |
| Sharecare | Medical records (invoice # 28661015) | $ 47.99 |
| Sixth Judicial Circuit Court | CD of Plaintiff's 2024 criminal trial | $ 50.00 |
| Wellmed | Medical records | $ 54.00 |
| **Total:** | | **$1,968.44** |

(Doc. 141; Doc. 141-1, p. 12, ¶5; p. 24-55).

"Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable…." *Brown v. Lassiter–Ware, Inc.*, No. 6:11–cv–1074–Orl–36DAB, 2014 WL 5258912, at *4 (M.D. Fla. Oct. 15, 2014). "[C]opying costs covered under section 1920 include those sustained in connection with reproducing discovery, pleadings, correspondence, exhibits, and

documents provided to opposing counsel and the court." *Stewart v. Wells, No. 8:19-CV-1309-T-33CPT*, 2020 WL 13825289, at *2 (M.D. Fla. Dec. 1, 2020), *report and recommendation adopted sub nom. Stewart v. Adorno*, No. 8:19-CV-1309-T-33CPT, 2021 WL 11636703 (M.D. Fla. Jan. 14, 2021) (citing *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989)).

Defendants' in-house copy rate of .15¢ per page has been found to be reasonable in the Middle District of Florida. *See Nolen*, 2022 WL 3136863, at *4 (quoting *Brisbois v. United States*, No. 6:16-cv-1589-Orl-31GJK, 2018 WL 6983625, at *2 (M.D. Fla. Dec. 26, 2018), *report and recommendation adopted sub nom. Brisbois v. United States*, No. 6:16-cv-1589-Orl-31GJK, 2019 WL 161939 (M.D. Fla. Jan. 10, 2019)). In addition, pursuant to § 119.07(4)(a)(1), Fla. Stat., the copy rate of .15¢ per page is applicable to records requests to public entities in Florida. *See O'Boyle v. Town of Gulf Stream*, 201 So. 3d 677 (Fla. 4th DCA 2016); *City of Miami Beach v. Pub. Employees Relations Comm'n,* 937 So. 2d 226 (Fla. 3d DCA 2006).

Defendants are entitled to $3,420.89 in fees for exemplification and making copies necessarily obtained for use in this case. 28 U.S.C. §1920(4); (Doc. 141; Doc. 141-1, p. 12, ¶5; p. 24-55).

**5. Other Costs (Court Reporter Appearance and Processing Fees)**

Defendants were charged $1,589.95 for court reporter appearance and processing fees for depositions of Plaintiff and several witnesses identified in Plaintiff's discovery responses. (Doc. 141; Doc. 141-1, p. 12, ¶5; p. 56-59). "[A]

deposition taken within the proper bounds of discovery … will normally be deemed to be 'necessarily obtained [ ] for use in the case' and its costs will be taxed[.]" *Nolen*, 2022 WL 3136863, at *2. "Attendance fees or the per diem of the court reporter are also taxable." *Id.* (citing *Ferguson v. Bombardier Servs. Corp.*, No. 8:03-cv-1380-T-30DAB, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007)); *see also Lloyd v. Embry-Riddle Aeronautical Univ., Inc.*, No. 6:20-CV-1447-RBD-EJK, 2022 WL 22867882, at *2 (M.D. Fla. May 24, 2022), *report and recommendation adopted,* No. 6:20-CV-1447-RBD-EJK, 2022 WL 22867885 (M.D. Fla. June 13, 2022) (same). The court reporters' appearance and processing fees were as follows:

| **Provider** | Service type | Costs |
|---|---|---|
| Vincent Lucente & Assoc | Attendance fee for depos of Mario Neira and Kyle Anderson | $ 465.00 |
| Vincent Lucente & Assoc | Attendance fee, exhibit storage and processing fees for depo of Plaintiff, Anna Neira | $1,124.95 |
| **Total** | | **$1,589.95** |

(Doc. 141; Doc. 141-1, p. 12, ¶5; p. 56-59).

Defendants are entitled to $1,589.95 for court reporter appearance and production fees for depositions of Plaintiff and witnesses. *Id.*; *see also Drinosky v. Se. Title of the Suncoast, Inc.*, No. 8:17-cv-735-T-30CPT, 2018 WL 11242426, at *1 (M.D. Fla. June 22, 2018) ("[u]nder 28 U.S.C. § 1920(2) … court reporter attendance fees are recoverable").

## II. DEFENDANTS ARE ENTITLED TO ATTORNEY'S FEES AND NON-TAXABLE COSTS, PURSUANT TO FED. R. CIV. P. 54 AND 68, FLA. R. CIV. P. 1.142 AND §769.79, FLA. STAT.

### A. Proposals for Settlement and Offers for Judgment Under §768.79, Fla. Stat. and Fla. R. Civ. P. 1.442

"Section 768.79 creates a substantive right to attorney's fees when, among other things, a plaintiff refuses to accept an offer of judgment from the defendant, and the resulting judgment is [ ] one of no liability." *Cramer v. Palm Ave. Partners, LLC*, No. 8:18-CV-1026-CEH, 2025 WL 1222269, at *27 (M.D. Fla. Apr. 28, 2025) (citing *MYD Marine Distrib., Inc. v. Int'l Paint Ltd.*, 187 So.3d 1285, 1286 (Fla. 4th DCA 2016)); *see also B & D Nutritional Ingredients, Inc. v. Unique Bio Ingredients, LLC*, 855 F. App'x. 503, 506 (11th Cir. 2021); § 768.79, Fla. Stat.; Fla. R. Civ. P. 1.442. "Section 768.69 applies to actions filed in, or removed to, federal court in Florida." *Bostick v. State Farm Mut. Auto. Ins. Co.*, No. 8:16-CV-1400-T-33AAS, 2019 WL 13245287, at *1 (M.D. Fla. Nov. 15, 2019), *report and recommendation adopted,* No. 8:16-CV-1400-T-33AAS, 2019 WL 13245284 (M.D. Fla. Dec. 12, 2019) (citing *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1150 (11th Cir. 2008)). "Section 768.79 is implemented by Florida Rule of Civil Procedure 1.442, which sets forth various required elements of proposals for settlement." *Cramer*, 2025 WL 1222269, at *27 (citing Fla. R. Civ. P. 1.442; *Willis Shaw Exp., Inc. v. Hilyer Sod, Inc.,* 849 So. 2d 276, 278 (Fla. 2003)). "Entitlement to attorney's fees is mandatory when Section 768.79's 'prerequisites have been fulfilled.' " *Bostick*, 2019 WL 13245287, at *1 ("[t]he sole

basis on which a court can disallow an entitlement to an award of fees is if it determines that [the] offer was not made in good faith") (quoting *TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606, 611 (Fla. 1995) and *McMahan v. Toto*, 311 F.3d 1077, 1083 (11th Cir. 2002)).

"For an offer of judgment to be covered by section 768.79, it must comply with the strictures of that provision, as well as those set forth in Florida Rule of Civil Procedure 1.442, which 'implements section 768.79.' " *Myers v. Provident Life & Accident Ins. Co.*, No. 8:19-CV-724-CEH-CPT, 2025 WL 1385106, at *3 (M.D. Fla. Apr. 25, 2025), *report and recommendation adopted,* No. 8:19-CV-724-CEH-CPT, 2025 WL 1381951 (M.D. Fla. May 13, 2025) (quoting *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 372 (Fla. 2013)). An offer of judgment must:

> (a) be in writing and state that it is being made pursuant to section 768.79; (b) name the party making the offer and the party to whom the offer is being made; (c) state with particularity the amount offered to settle a claim for punitive damages, if any; and (d) state the offer's total amount. Fla. Stat. § 768.79(2). An offer of judgment must also specify that it "resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served," "exclude nonmonetary terms," and "state whether the proposal includes attorneys' fees and whether attorneys' fee[s] are part of the legal claim."

*Myers*, 2025 WL 1385106, at *3 (quoting Fla. R. Civ. P. 1.442(c)(2)). In addition, a "proposal shall be served on the party or parties to whom it is made but shall not be filed unless necessary to enforce the provisions of this rule." Fla. R. Civ. P. 1.442(d).

Expert witness and mediation costs can be awarded under § 768.79, Fla. Stat.

*See Arnoul v. Busch Entm't Corp.*, No. 807-CV-1490-T-24MAP, 2008 WL 5341148, at *4 (M.D. Fla. Dec. 19, 2008) (citing *Walgreen Co. v. Sklandis,* 895 So.2d 1201 (Fla. 3d DCA 2005)); *see also Kloster v. Clear Blue Ins. Co*., No. 6:23-CV-794-CEM-DCI, 2025 WL 1268545, at *4 (M.D. Fla. Apr. 15, 2025), *report and recommendation adopted*, No. 6:23-CV-794-CEM-DCI, 2025 WL 1266699 (M.D. Fla. Apr. 30, 2025). "Florida's Statewide Uniform Guidelines for Taxation of Costs in Civil Actions – address expert witness costs and authorize the taxation of 'a reasonable fee for deposition and/or trial testimony, and the costs of preparation of any court ordered report.' " *Erenler v. TJM Properties, Inc.*, No. 8:21-CV-0671-SDM-SPF, 2024 WL 5339495, at *5 (M.D. Fla. Nov. 20, 2024), *report and recommendation adopted,* No. 8:21-CV-671-SDM-SPF, 2024 WL 5339493 (M.D. Fla. Dec. 16, 2024), *appeal dismissed sub nom. Erenler v. TJM Columbus, LLC*, No. 25-10136, 2025 WL 1510940 (11th Cir. May 28, 2025) (citing Fla. R. Civ. P. App. II, ¶ 1(C)). These guidelines "also allow that mediation fees and expenses may be taxed as costs." *Erenler,* 2024 WL 5339495, at *5 (citing Fla. R. Civ. P. App. II, ¶ 1(A)).

**B. The Sheriff's PFS/OJ Satisfied the Requirements of §768.79, Fla. Stat., and Fla. R. Civ. P. 1.442, So Fees and Costs Must Be Awarded**

The two PFS/OJs served by the Sheriff upon Plaintiff's Counsel, Farnita Saunders Hill, expired without Plaintiff accepting them within 30 days, as provided by §768.79(1), Fla. Stat. (Exhibit 1, ¶5). Subsequently, the Court dismissed this case with prejudice (Doc. 137) and entered judgment in Defendants' favor on July 17,

2025 (Doc. 139), so Plaintiff obtained no recovery in this case and Defendants are the prevailing parties. (Exhibit 1, ¶5). As prevailing parties, pursuant to Fla. R. Civ. P. 1.442 and §768.79, Fla. Stat., the Sheriff is entitled to assessment of attorney's fees and costs under his PFS/OJs.

The Sheriff's PFS/OJs complied with the requirements of §768.79, Fla. Stat., and Fla. R. Civ. P. 1.442, and were made in good faith, based *inter alia* on videos depicting the incident and cruiser videos showing Plaintiff after arrest, sworn statements of Sgt. Katzer, witnesses and Plaintiff herself concerning her battery of Sgt. Katzer and resisting while she was aware he was a deputy sheriff, case law demonstrating that summary judgment must issue in Defendants' favor on all counts, and Plaintiff's inability to demonstrate she suffered any injuries as a result of the *de minimis* force used to effectuate her arrest. (Exhibit 1, ¶6). As the PFS/OJs complied with the requirements of §768.79, Fla. Stat., and Fla. R. Civ. P. 1.442, and as Plaintiff failed to accept the PFS/OJs and the resulting judgment is one of no liability, the Sheriff is entitled to his reasonable attorney's fees and costs. *See Cramer,* 2025 WL 1222269, at *27.

Although the Sheriff's Counsel worked hundreds of hours on this case after serving the PFS/OJs, the Sheriff only seeks his attorney's fees pertaining to researching and writing the summary judgment motion as to the state law battery and false arrest claims and the damages sought thereunder, as well as attorney's fees generated in litigating the entitlement to attorneys' fees, an amount unknown at this

time because it is not known if Plaintiff will agree that the Sheriff is entitled to an award of his attorney's fees or if she will challenge it. (Exhibit 1, ¶7). *See Steffen v. Akerman, Senterfitt & Edison, P.A.*, No. 804-CV-1693-T-24MSS, 2009 WL 1117390, at *1 (M.D. Fla. Apr. 24, 2009) (party seeking attorney's fees under a proposal for settlement offer for judgment is also entitled to attorney's fees "generated in litigating the entitlement to attorneys' fees") (citing *McMahan,* 311 F.3d at 1085).

Moreover, after the May 24, 2024, service of the PFS/OJs, the Sheriff incurred non-taxable costs, itemized as follows: $1,750.00 for the Compulsory Medical Examiner, Steven Knezevich, review and report; $4,875.00 for radiologist review and report; and $600.00 for mediation. (Exhibit 1, ¶11; Exhibits 1-1 and 1-4). The Sheriff is entitled to $7,225.00 in expert witness and mediation fees incurred after service of the PFS/OJs. *Id.*; *see Arnoul*, 2008 WL 5341148, at *4; *Sklandis,* 895 So.2d 1201; *Kloster,* 2025 WL 1268545, at *4; *Erenler*, 2024 WL 5339495, at *5.

Finally, to the extent the Court determines any of the costs sought in the Bill of Costs (Doc. 141) are not taxable under 28 U.S.C. §§ 1920 and 1921, the Sheriff requests that they be assessed as non-taxable costs under Fla. R. Civ. P. 1.442 and §768.79, based on the PFS/OJs.

## CONCLUSION

Based on the foregoing, Defendants respectfully move this court to adopt their Bill of Costs in the amount of $10,696.19, and to determine that the Sheriff is entitled to reasonable attorney's fees and $7,225.00 in expert witness and mediation fees.

## RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), I hereby certify that on July 24-25, 2025, and July 28, 2025, I attempted to confer with Plaintiff's Counsel but received no response (Exhibit 2). On the evening of July 29, 2025, Plaintiff personally emailed me, advised she was representing herself, stated that on July 24, 2025, Plaintiff's counsel forwarded to her the email I sent him, and requested "a short extension of seven (7) business days to review the underlying issues and supporting documentation related to the costs and attorney's fees at issue before providing a substantive response." (Exhibit 3, p. 6). On July 29, 2025, I emailed Plaintiff's Counsel to advise I could not speak with Plaintiff personally (Exhibit 3, p. 4-5), and thereafter, on July 29-30, 2025, I conferred with Plaintiff's Counsel, who advised he discussed with Plaintiff the taxable costs sought in the Bill of Costs and this Motion, but was not authorized by Plaintiff to confer with me about the costs. (Exhibit 3, p. 1-4). Once the Court granted Plaintiff's Counsel's Motion to Withdraw (Doc. 147), I made repeated attempts to confer with Plaintiff on August 7-8, 2025, providing her with the Bill of Costs and supporting documentation and an affidavit and supporting documents to this Motion, and pursuant to Fed. R. Civ. P. 5(b)(2)(F), and repeatedly asked her to advise whether she consented to electronic service or wished to receive filings via U.S. mail. Plaintiff repeatedly failed to provide her position as to the Bill of Costs and/or this Motion, so I am filing this Motion with my correspondence with Plaintiff (Exhibit 4), who is being served via U.S. Mail, pursuant to Fed. R. Civ. P. 5(b)(2)(F).

RESPECTFULLY SUBMITTED on August 11, 2025.

PINELLAS COUNTY SHERIFF my correspondence with plaintiff
GENERAL COUNSEL'S OFFICE

*/s/ Anne F. McDonough*
Anne F. McDonough
Senior Associate Counsel
Florida Bar No. 084471
Pinellas County Sheriff's Office
10750 Ulmerton Road
Largo, FL 33778
Tel: (727) 582-6274
Fax: (727) 582-6459
amcdonough@pcsonet.com
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 11, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and via U.S. Mail to Plaintiff, Anna Neira, 4184 Coquina Key Dr. SE, St. Petersburg, FL 33705.

*/s/ Anne F. McDonough*
Anne F. McDonough